# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1198V
UNPUBLISHED

JONATHAN RUIZ,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Chief Special Master Corcoran

Filed: September 21, 2021

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Guillain-
Barre Syndrome (GBS)

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On September 14, 2020, Jonathan Ruiz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barre Syndrome ("GBS") as a result of an influenza vaccine received on March 25, 2019. Petition at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 11, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On September 20, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $117,449.64 in the form of a check payable to Petitioner, and $3,984.66 representing compensation for satisfaction of a State of Connecticut Medicaid lien. Proffer at 2-3. In the Proffer,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

1. **A lump sum payment of $<u>117,449.64</u> (comprised of $100,000.00 for pain and suffering; $935.00 for past unreimbursable expenses; and $16,514.64 for past lost wages), in the form of a check payable to Petitioner; and**

2. **A lump sum payment of $<u>3,984.66</u>, representing compensation for satisfaction of the State of Connecticut's Medicaid lien, in the form of a check payable jointly to Petitioner and:**

   > **State of Connecticut**
   > **Department of Administrative Services**
   > **Collection Services**
   > **450 Columbus Boulevard, Suite 1001**
   > **Hartford, CT 06103**

**Petitioner agrees to endorse the check for $3,984.66 to the State of Connecticut for satisfaction of the Medicaid lien.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____

|  |  |  |
|---|---|---|
| JONATHAN RUIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-1198V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

_____

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 14, 2020, Jonathan Ruiz ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barre Syndrome ("GBS"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine he received on March 25, 2019. Petition at 1, 3. On May 10, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and on May 11, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 19; ECF No. 20.

## I.      Items of Compensation

### A.      Pain and Suffering

Respondent proffers that petitioner should be awarded **$100,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$935.00**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.  Lost Wages

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of **$16,514.64**.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

D.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Connecticut's Medicaid lien in the amount of **$3,984.66**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Connecticut may have against any individual as a result of any Medicaid payments the State of Connecticut has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about April 29, 2019, under Title XIX of the Social Security Act.  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through

2

two lump sum payments as described below and requests that the Chief Special Master's

decision and the Court's judgment award the following[1]:

1.  A lump sum payment of **$117,449.64** in the form of a check payable to petitioner; and

2.  A lump sum payment of **$3,984.66**, representing compensation for satisfaction of the State of Connecticut's Medicaid lien, in the form of a check payable jointly to petitioner and:

State of Connecticut
Department of Administrative Services
Collection Services
450 Columbus Boulevard, Suite 1001
Hartford, CT 06103

Petitioner agrees to endorse the check for $3,984.66 to the State of Connecticut for satisfaction

of the Medicaid lien.

III.  **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Jonathan Ruiz:                     **$117,449.64**

Lump sum payable to petitioner, Jonathan Ruiz, and the State of Connecticut: **$3,984.66**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ *Catherine E. Stolar*
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 353-3299
Fax: (202) 616-4310
Email: catherine.stolar@usdoj.gov

DATED:  September 20, 2021